USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-24-14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JOSE RIVAS, et ano.,

                        Plaintiffs,                    13-cv-7812 (PKC)

    -against-                            MEMORANDUM AND ORDER
                                             IMPOSING RULE 11 SANCTION

BOWLING GREEN ASSOCIATES, L.P.,
et ano.,

                        Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        An action lawfully commenced in a state court may be removed to federal court in circumstances specified in one of the several removal statutes. 28 U.S.C. § 1441 et seq. The effect of the filing of the notice of removal is immediate. It ousts the state court of jurisdiction. Mindful of the power vested solely in the hands of the removing party, lawmakers have subjected a notice of removal to the strictures of Rule 11, Fed. R. Civ. P. 28. U.S.C. § 1446(a).

        It has long been a feature of federal removal practice that the removing party may not be a citizen of the state where the district court sits. Martin v. Snyder, 148 U.S. 663, 663–64 (1893) (citing Act of March 3, 1887, ch. 373, 24 Stat. 552). 28 U.S.C. § 1441(b)(2). Here, there is no dispute that one of the removing parties, defendant Braun Management, Inc. ("Braun"), is a corporation organized under the laws of New York with its principal place of business in New York.[1] (Notice of Removal ¶ 9(b), Docket # 1.)

        This Court ordered William H. Grae and the law firm of The Chartwell Law Offices, LLP ("Respondents") to show cause why they should not be sanctioned under Rule 11 for (a) removing an action based upon diversity of citizenship on behalf of a citizen of the state

---

[1] Although not disclosed in the notice of removal, it is now acknowledged that members of the co-defendant limited partnership, Bowling Green Associates, L.P. ("Bowling Green") are also New York citizens. (Second Grae Decl. ¶¶ 4–6.) Bowling Green, represented by Respondents, had joined in the notice of removal. (Notice of Removal 1.) Because this was not known to the Court at the time of its Order to Show Cause, Bowling Green's status is not material to the imposition of sanctions in this case.

in which the action was brought in violation of 28 U.S.C. § 1441(b)(2); and (b) stating in the notice of removal, a document signed under the strictures of Rule 11, as follows: ". . . this action may be removed to this Court pursuant to 28 U.S.C. § 1441." (Notice of Removal ¶ 12); Rule 11(c)(3).

In their response to the order to show cause, Respondents note that removal by an in-state defendant does not destroy subject matter jurisdiction and plaintiffs have forfeited their right to seek remand based upon the prohibition on in-state defendant removals because they failed to timely move to remand. The assertion is entirely correct. 28 U.S.C. § 1447(c); Shapiro v. Logistec USA, Inc., 412 F.3d 307, 313 (2d Cir. 2005) (citing Woodward v. D. H. Overmyer Co., 428 F.2d 880, 882–83 (2d Cir. 1970)). But a lawyer has no right to improperly remove a case in the hope that the removal defects will not be timely asserted by opposing counsel. Cardona v. Mohabir, No. 14-cv-1596 (PKC), 2014 WL 1088103, at *1 (S.D.N.Y. Mar. 18, 2014).

Rule 11(a)(2) provides that "[b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . the . . . legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . ."

Rule 11 sanctions should not be imposed "for minor, inconsequential violations of the standards prescribed by subdivision (b)." Rule 11, 1993 Advisory Committee's Notes. The Second Circuit has concluded that in the case of court-initiated Rule 11 sanctions, where the "safe-harbor" provision of Rule 11(c)(1)(A) does not apply, the standard to be applied is not one of objective unreasonableness, but subjective bad faith. Muhammad v. Walmart Stores E.,

L.P., 732 F.3d 104, 108–09 (2d Cir. 2013) (citing In re Pennie & Edmonds LLP, 323 F.3d 86, 90 (2d Cir. 2003)).  The facts supporting such a finding must be "characterized by a high degree of specificity."  Schlafer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 338 (2d Cir. 1999).

   Rule 11(b)(1) sets forth an "improper purpose" requirement and 28 U.S.C. § 1927 has a "vexatious[ness]" requirement.  But Rule 11(b)(2) has neither.  To satisfy the subjective bad faith standard for a sanction under Rule 11(b)(2), the lawyer must have known that the legal contention was not warranted by existing law or its modification or extension.  Cardona v. Mohabir, No. 14-cv-1596 (PKC), 2014 WL 1804793, at *3 (S.D.N.Y. May 6, 2014).  Proof of actual knowledge, and not merely what a reasonable attorney should have known, is required.  See Muhammad, 732 F.3d at 108–09.  As in a criminal case, actual knowledge may be proven by circumstantial evidence and conscious avoidance may be the equivalent of knowledge.  United States v. Svoboda, 347 F.3d 471, 479 (2d Cir. 2003).

   Respondents do not argue that the notice of removal was proper nor do they argue that they were ignorant of, misunderstood, or misapprehended the requirements of 28 U.S.C. § 1441(b)(2).  Indeed, Respondent Grae acknowledges that "[i]n court on July 1, 2014, when pressed, Your Declarant acknowledged an awareness of the strictures of Section 1441(b)(2) and the defendant-forum rule."  (First Grae Decl. ¶ 21.)

   The crux of the argument advanced by Respondents is as follows:

> It is respectfully submitted that the distinction, at least in Your Declarant's mind, can be analogized to the difference between a void as opposed to a merely voidable instrument. While violation of the defendant forum rule may render a Notice of Removal subject to remand-i.e., 'voidable'-this defect does not render such a Notice facially 'void', as would constitute an improper filing with the scope of Rule 11.  Misrepresentation or concealment of a party's genuine citizenship, or failure to make proper inquires, would clearly constitute improper conduct within the scope of

> Rule 11.  By contrast, Your Declarant believed that he was asserting a legal argument grounded on well-established precedent, insofar as the Second Circuit has concluded that notwithstanding Congress' language, an action pending in a State court <u>can</u> be removed to a federal court by a citizen of that State so long as complete diversity and amount in controversy requirements are satisfied.

(<u>Id.</u> ¶ 22 (emphasis in original).)  Elsewhere, Respondents are described as having engaged in "permissible advocacy."  (<u>Id.</u> ¶ 3.)

Respondents' argument has two parts to it.  First, removal by an in-state defendant contravenes the statute but the removal occurs nonetheless and the defect may be waived or forfeited if not timely asserted by the non-removing party and does not affect the court's subject matter jurisdiction.  This first part is unassailably correct.  Second, Respondents argue that, because of this circumstance, it is "permissible advocacy" to remove a non-removable case provided (a) the defect is not concealed, and (b) the defect does not affect subject matter jurisdiction.

It is this second part that is profoundly wrong.  The statute's prohibition on removal by a forum-defendant is unambiguous:  "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  The forfeiture doctrine (in cases where removal was improper but subject matter jurisdiction exists) was not created to provide a would-be removing party with an additional option.  It arose to prevent parties pursing litigation in a federal forum to have a late-in-the game remand back to state court thereby creating wasteful work in at least one forum.  See <u>French v. Hay</u>, 89 U.S. (22 Wall.) 238, 244–45 (1874) ("The objection . . . was not made in the court below until the testimony was all taken, the case was ready for hearing, and nearly three years had elapsed since the

transfer was made.  The objection came too late.  Under the circumstances it must be held to have been conclusively waived.").

Similar policy considerations underlie the present statutory provision requiring remand motions on non-jurisdictional defects to be filed within thirty days from the filing of the notice of removal.  28 U.S.C. § 1447(c); Harmon v. Oki Sys., 902 F. Supp. 176, 179 (S.D. Ind. 1995) ("'So long as the defect in the removal procedure does not involve a lack of federal subject matter jurisdiction, there is no reason why either State or Federal courts, or the parties, should be subject to the burdens of shuttling a case between two courts that each have subject matter jurisdiction.  There is some risk that a party who is aware of an effect in removal procedure may hold the defect in reserve as a means for forum shopping if the litigation should take an unfavorable turn.'" (quoting H.R. Rep. No. 889, 100th Cong. 2d Sess. 72 (1988), reprinted in U.S. Code Cong. & Ad. News 5982, 6033)).

Respondents' analogy to "merely voidable instruments" is not helpful to their cause but is, indeed, instructive.  Under New York law, for example, "[a]ny contract induced by fraud as to a matter material to the party defrauded is voidable."  Adams v. Gillig, 199 N.Y. 314, 317 (1910).  That the law gives the defrauded party a window of opportunity to accept or decline the benefits or burdens of the transaction is hardly an endorsement of the conduct of the fraud-doer.

Respondent Grae's answering papers further seek to justify a removal in violation of section 1441(b)(2) on the basis that courts have not dealt with such improper removals with great severity:  "[I]t is respectfully submitted that the manner in which the Second Circuit and the District Courts have responded to an admitted violation of the defendant forum rule demonstrates that removal 'may,' in fact, be sought, even though such removal could be subject to a timely remand motion."  (First Grae Decl. ¶ 10.)  Respondent

Grae appears to confuse "may" with "can."  An attorney <u>can</u> act unilaterally in violation of the statute, and the removal nevertheless will be effective, but he <u>may</u> not do so.  It is not fundamentally different than improperly filing a <u>lis</u> <u>pendens</u> or improperly obtaining an <u>ex parte</u> temporary restraining order.  The existence of an after-the-fact remedy does not justify the original wrong.

The ability of a non-forum defendant to remove a case to federal court serves the important function of minimizing the potential impact of local prejudice.  <u>See</u> <u>Pappas v. Middle Earth Condominium Ass'n</u>, 963 F.2d 534, 539–41 (2d Cir. 1992) (reversing a jury verdict in a diversity action because of a party's appeal to regional bias and reviewing the historical underpinnings of diversity jurisdiction).  But an improper removal followed by forfeiture of remand may have serious consequences to the party originally selecting the state forum.  Here, plaintiffs' case would have been heard in Supreme Court, New York County, by a jury no larger than six persons, selected solely from New York County, and only five of six jurors would need to agree on the verdict.  The action will now be heard by no fewer than six, but as many as twelve, jurors selected from five counties (New York, Bronx, Westchester, Rockland, and Putnam) and the verdict must be unanimous.  It is no answer to Respondents' conduct that if plaintiffs had timely asserted the improper removal, they would not be in this circumstance.

The Court makes the following findings of fact (FF) and conclusions of law (CL):

1. FF: Respondents have received notice of the specific conduct that is alleged to have violated Rule 11(b)(2) and have been given an opportunity to respond and, indeed, have responded.

2. FF: Defendant Braun is a corporation organized under the laws of New York with its principal place of business in New York. The removed action was pending in Supreme Court, New York County, and removed to this Court.

3. FF: Respondent Grae knew the facts recited in FF 2 above as evidenced by his statements in paragraphs 3 and 9(b) of the notice of removal (Docket # 1).

4. CL: At the time of removal, Braun was "a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Thus, removal was improper and was not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. Rule 11(b)(2).

5. FF: Respondent Grae knew "the strictures of Section 1441(b)(2) and the defendant-forum rule." (First Grae Decl. ¶ 21.) Also, Respondents have come forward in response to the order to show cause with no claim that they misunderstood or misapprehended the requirements of section 1441(b)(2).

6. FF: Respondent Grae stated in the notice of removal that ". . . this action may be removed to this Court pursuant to 28 U.S.C. § 1441." (Notice of Removal ¶ 12.) His assertion was not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. Rule 11(b)(2).

7. FF: Respondent Grae acted in subjective bad faith because he acted with actual knowledge of, and in disregard of, the prohibition in section 1441(b)(2). The Court finds that Respondent Grae violated Rule 11(b)(2) by (a) removing the state action on behalf of a New York citizen in violation of 28 U.S.C. § 1441(b)(2); and (b) stating in the notice of removal that: ". . . this action may be removed to this Court pursuant to 28 U.S.C. § 1441." (Notice of Removal ¶ 12.)

8. FF: Although referenced in the order to show cause, there is no basis for imposing a sanction under Rule 11(b)(1).

9. FF: Respondent Grae is a member of the Respondent law firm, The Chartwell Law Offices, LLP.  (First Grae Decl. ¶ 1.)

10. FF: Respondent The Chartwell Law Offices, LLP has not presented "exceptional circumstances" within the meaning of Rule 11(c)(1).

11. CL: Respondent The Chartwell Law Offices, LLP is jointly responsible for the violation committed by its partner.  Rule 11(c)(1).

A sanction under Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Rule 11(c)(4). Respondents correctly point out that the conduct is not as egregious as that found in Cardona, 2014 WL 1804793, at *3–4 (improper removal from Connecticut state court to the Southern District of New York by defendant who was a resident of the Eastern District of New York because of the proximity of the Southern District courthouse to defendant's lawyer's New Jersey office).  Respondents' conduct involved no venality.  They truthfully disclosed on the face of the notice of removal the facts that reveal the violation of section 1441(b)(2).  They note that at the time of the notice of removal they were unaware that a violation of section 1441(b)(2) could lead to Rule 11 sanctions, a point that the Court considers in mitigation.[2]

Respondent Grae has never been subject to "professional sanction" in any court. (First Grae Decl. ¶ 25.)  Six years ago, Respondent Grae removed a diversity case on behalf of several forum-defendants, though while he was at a different law firm.  Notice of Removal, Deleon v. R.D. Rice Construction, Inc., No. 08-cv-2517 (SAS) (S.D.N.Y. Mar. 13,

---

[2] Because deterrence is a legitimate goal of sanctions, this is considered as a mitigating factor but it does not undermine the finding of subjective bad faith.  The Court has found that they had actual knowledge that they were violating the prohibition in section 1441(b)(2).

2008), Docket # 1.  He reports that the order to show cause "has made an indelible impression" and that the conduct "will not be repeated."  (First Grae Decl. ¶ 26.)

The Court chooses to accept that Respondents will not repeat this conduct.  The Court is less sure of what sanction is sufficient "to deter repetition of . . . comparable conduct by others similarly situated."  A sanction "may include nonmonetary directives . . . ."  Rule 11(c)(4), Fed. R. Civ. P.  The Court concludes that in this particular instance a nonmonetary sanction of a warning is sufficient as to Respondent Grae.  If comparable conduct is repeated in the future by others similarly situated attorneys, the Court will revisit the issue of the nature and magnitude of an appropriate sanction.

Respondent Grae is warned that it is improper conduct, subject to Rule 11 sanctions, to improperly remove an action from state court to a federal district court and, further, that improper removals include a removal on behalf of citizen of the state where the state court action is pending.

As to the Respondent Law Firm, a different nonmonetary sanction fits better.  Within 120 days of this Order, Respondent The Chartwell Law Offices, LLP shall (a) require each partner or member of the firm admitted to practice before this Court who practices in the field of litigation to attend a continuing education program that includes topics on the following: (1) federal subject matter jurisdiction based upon diversity of citizenship; (2) the proper basis and procedure for removal of cases to federal court; and (3) the certification requirements of Rule 11; and (b) file an affidavit of compliance with the foregoing within 140 days.

SO ORDERED.

Dated: New York, New York
July 24, 2014

P. Kevin Castel
United States District Judge